# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**MADIE RUTH JACKSON**                               **PLAINTIFF**

**v.**                                **CIVIL CASE 1:17-cv-97-HSO-JCG**

**BARACK OBAMA,**
**JULIE THEATER,**
**BEVERLY STRICKLAND,**
**FELICIA DUNN BURKES,**
**TONYA WYDER,**
**FAINT ROBERT WALKER** *Judge,*
**NESCATERICA BATES,**
**UNITED STATES GOVERNMENT,**
**PRINCE WILLIAM WALES,**
**KATE MIDDLETON,**
**OPRAH WINFREY,**
**JAY Z,**
**BEYONCE KNOWLES,**
**WANDA SMITH,**
**RONYELLE RHODES,**
**HIGHLAND HOSPITAL DOCTORS,**
**MICHELLE OBAMA, and**
**WLOX**                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

Having reviewed *pro se* Plaintiff Madie Ruth Jackson's Complaint (ECF No. 1) and Response to the Court's Order requiring briefing (ECF No. 5), the undersigned recommends dismissal on grounds that the Court lacks federal subject matter jurisdiction. Even if the Court did possess subject matter jurisdiction, the action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims are factually frivolous.

## BACKGROUND

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, has sued eighteen defendants, including Barack Obama, Michelle Obama, the United States government, Prince William of Wales, Kate Middleton, Oprah Winfrey, Beyonce Knowles, and Jay-Z, as well as local television newscasters, judges, and doctors. This is the second suit filed by Plaintiff in a period of six months against almost identical defendants and raising virtually identical allegations. *See Jackson v. Obama,* Civil Action No. 1:16-cv-379-HSO-JCG. Plaintiff claims that Defendants are harassing her in various ways, including recording her, torturing her, threatening her, and paying her not to think. Plaintiff's first suit was dismissed without prejudice for lack of subject matter jurisdiction and as factually frivolous. (Order in Civil Action No. 1:16-cv-379-HSO-JCG, ECF No. 11).

The only difference between Defendants in the two suits is that Plaintiff has now added the United States government as a defendant and deleted Prince Harry of Wales as a defendant. In the substance of the instant Complaint, Plaintiff claims that Barack Obama tortures and records her and has broken her teeth. (ECF No. 1, at 7). Plaintiff's Complaint provides: "I can hear the computer remote he's using with Prince William. . . They are using my ideas. He gave them all microphones to think about me and my son. Julie Theater is one of his recorders." *Id.*

The undersigned issued an Order on April 11, 2017, requiring Plaintiff to: (1) demonstrate why her claims should not be dismissed for lack of federal subject matter jurisdiction; (2) explain why her claims should not be dismissed as factually

frivolous; and (3) explain with factual specificity why she is suing fifteen of the defendants who are mentioned only in the caption and not in the substance of the Complaint – namely Beverly Strickland, Felicia Dunn Burkes, Tonya Wyder, Faint Robert Walker, Nescaterica Bates, United States government, Kate Middleton, Oprah Winfrey, Jay Z, Beyonce Knowles, Wanda Smith, Ronyelle Rhodes, Highland Hospital Doctors, Michelle Obama, and WLOX.

Plaintiff timely filed a brief on April 17, 2017. She did not address federal subject matter jurisdiction. She attempted to explain her reasoning for suing each Defendant. The following is an unedited excerpt from Plaintiff's brief:

> Barack Obama is the head of this outstretch he took my mind from me and he using a remote to fill me with each individual whom Ive named on the case now. He states he want to pay me HIV and not to think I believe that I am wired tapped Julie Theater has a remote microphone where she state shes paying HIV to think about Barack Obama and sluices and clear. All defendants pays me not to think for Barack Obama. They use torture and profanity Barack Obama is using his incarnation on me so it appears he's seated with me.

(ECF No. 5, at 2).

## ANALYSIS

A. <u>**Federal Subject Matter Jurisdiction**</u>

The Court has a duty to examine subject matter jurisdiction and is required to dismiss any action over which it lacks jurisdiction. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 (1982); *Warren v. United States,* 874 F.2d 280, 281-82 (5th Cir. 1989); Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over those

matters specifically designated by the Constitution or Congress. *Halmekangas v. State Farm Fire and Cas. Co.,* 603 F.3d 290, 292 (5th Cir. 2010) (quoting *Epps v. Bexar-Medina-Atascosa Cos. Water. Improvement Distr. No. 1,* 665 F.2d 594, 595 (5th Cir. 1982)). Courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir. 2001).

28 U.S.C. § 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). In this case, complete diversity of citizenship does not exist. Plaintiff is a Mississippi citizen and she is suing Mississippi citizens. Although the Court has not been fully apprised of the citizenship of each Defendant, the Court takes judicial notice that Defendants Walker and Burkes have both served as municipal judges in Mississippi.

The Court also lacks federal question jurisdiction under 28 U.S.C. § 1331. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "In order for a case to come within the ambit of federal question jurisdiction, the federal issue must appear on the face of the complaint and must involve a claim founded directly on federal law." *Epps,* 665 F.2d at 595 (citations omitted).

Plaintiff is suing former President Barack Obama and the United States government. Suing the United States government has the potential to create federal jurisdiction pursuant to 28 U.S.C. § 1331. *See Osborn v. Haley,* 549 U.S. 225, 230 (2007); *see also* Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346, 2671, *et seq.* (waiving federal sovereign immunity for injury, property loss, or death caused by a federal government employee "while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

However, the United States Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Lavine,* 415 U.S. 528, 536 (1974) (internal citations omitted). The allegations in Plaintiff's Complaint are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court . . . ." *Oneida Indian Nation of N.Y. State v. Oneida Cty., N.Y.,* 414 U.S. 661, 667 (1974). Plaintiff's suit should be dismissed because the Court lacks federal subject matter jurisdiction.

**B.** <u>**Factually Frivolous Claims**</u>

Even if the Court did possess subject matter jurisdiction under 28 U.S.C. §

1331, Plaintiff's claims should be dismissed as factually frivolous pursuant to 28 U.S.C. § 1915, the federal statute governing *in forma pauperis* proceedings. § 1915 allows an indigent litigant to commence a civil action in federal court without paying the administrative costs of proceeding with the lawsuit. *Denton v. Hernandez,* 504 U.S. 25, 27 (1992). "The statute protects against abuses of this privilege by allowing a district court to dismiss the case 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.'" *Id.* "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (citing *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). 28 U.S.C. § 1915(e)(2)(B)(i) provides that "the court shall dismiss the case at any time if the court determines that . . . [the action] is frivolous or malicious."

§ 1915 affords the Court "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke,* 490 U.S. at 327. "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328. Dismissals on grounds of frivolousness may be "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Id.* at 324.

Having examined and construed liberally the allegations in Plaintiff's Complaint (ECF No. 1) and Response to the Court's Order requiring briefing (ECF No. 5), the undersigned finds that Plaintiff's factual contentions are clearly baseless. *See Denton,* 504 U.S. at 32-33. Plaintiff's allegations rely on a host of factual scenarios that "rise to the level of the irrational or the wholly incredible." *Id.* at 33. These types of fanciful, fantastic, and delusional allegations are precisely the type that § 1915(e) is designed to address. *See, e.g., Hines v. United States,* 166 F. App'x 610, 611 (3d Cir. 2006) (dismissing appeal from order dismissing complaint pursuant to § 1915(e)(2)(B)(i) where plaintiff alleged the federal government tortured him with poisonous gas for 12 years whenever he tried to study toward his career goals); *Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990) ("An IFP complaint that . . . postulates facts of an entirely fanciful nature is prime candidate for dismissal under § 1915[e] [formerly (d)]"); *Toole v. Obama,* No. 1:12-cv-363-KS-MTP, 2013 WL 636809, *3-4 (S.D. Miss. Feb. 20, 2013) (dismissing as fantastic and delusional Plaintiff's claims against President Barack Obama and Justices John G. Roberts and John Paul Stevens); *Czmus v. Meehan,* 08-1675, 2008 WL 4361046, at *2 (E.D. Pa. Sept. 24, 2008) (dismissing as frivolous allegations of a "far reaching and elaborate conspiracy" by the Department of Homeland Security and a number of insurance companies); *Trobovic v. Perry,* No. 05-5200, 2007 WL 708880, *3 (D.N.J. Mar. 5, 2007) (dismissing as delusional Plaintiff's allegations regarding a sweeping conspiracy against him by General Services Administration employees and an organization involving bulldogs).

### C. Sanctions Warning

Plaintiff filed two repetitive and frivolous lawsuits within a six-month period. *See Jackson v. Obama,* Civil Action No. 1:16-cv-379-HSO-JCG. Plaintiff should be warned that the Court may impose sanctions when it finds that an individual has abused process by filing repetitive, frivolous lawsuits. In such circumstances, the Court may impose sanctions including, but not limited to, refusing to allow such individual to file any additional *pro se* complaints in the district court without first obtaining leave to do so. *See e.g. Tribbit v. Ward,* No. 95-30836, 1996 WL 101558, *1 (5th Cir. Feb. 29, 1996); *Lay v. Anderson,* 837 F.2d 231, 232 (5th Cir. 1988).

### RECOMMENDATION

The undersigned recommends that this civil action be dismissed for lack of federal subject matter jurisdiction. Even if the Court did possess subject matter jurisdiction, the action should be dismissed as factually frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff has filed two repetitive and frivolous lawsuits in the span of six months and should be given a sanctions warning.

### NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the

objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 3rd day of May, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE